UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THEODORE M. WASHINGTON, II
  an individual,

    Plaintiff,

v.                                            Case No. 6:22-cv-00835-CEM-EJK

CITY OF ORLANDO, FLORIDA,
  a Florida municipality,

    Defendant.
_____/

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, CITY OF ORLANDO, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint (Doc. 1).

**PARTIES, JURISDICTION, AND VENUE**

1. Without knowledge, therefore denied.

2. Admitted that the City of Orlando, Florida is a Florida municipality located in Orange County, Florida at all times pertinent to Plaintiff's claims.

3. Defendant admits that venue is proper. Defendant denies all remaining allegations in Paragraph 3 of the Complaint.

4. Defendant admits that that the Court has jurisdiction. Defendant denies all remaining allegations in Paragraph 4 of the Complaint.

5. Denied.

## FACTUAL ALLEGATIONS

6. Admitted that Plaintiff has been employed by the Defendant as a Fire Inspector since June of 2019. Defendant denies all remaining allegations in Paragraph 6 of the Complaint.

7. Denied.

8. Without knowledge, therefore denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted that a meeting took place on August 6, 2019. Defendant denies all remaining allegations in Paragraph 17 of the Complaint.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Admitted that Plaintiff complained to Deputy Marshall Sims. Defendant denies all remaining allegations in Paragraph 24 of the Complaint.

25. Denied.

26. Admitted that Plaintiff sent an email to Labor Relations on March 3, 2020. Defendant denies all remaining allegations in Paragraph 26 of the Complaint.

27. Denied.

28. Admitted that Plaintiff sent an email to Deputy Marshall Sims and Fire Marshall Hughes on March 22, 2021. Defendant denies all remaining allegations in Paragraph 28 of the Complaint.

29. Denied.

30. Without knowledge, therefore denied.

31. Denied.

32. Denied.

33. Admitted that Plaintiff received a Notice of Investigation on May 3, 2021 and that he ultimately received a written reprimand. Defendant denies all remaining allegations in Paragraph 33 of the Complaint.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Admitted that Plaintiff received a performance evaluation in 2021. Defendant denies all remaining allegations in Paragraph 40 of the Complaint.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## COUNT I
## DISCRIMINATION BASED UPON SEXUAL ORIENTATION IN VIOLATION OF TITLE VII

47. Defendant re-asserts its responses to Paragraphs 1 through 46.

48. No response required.

49. No response required.

50. Without knowledge, therefore denied.

51. Denied.

52. Denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to relief.

## COUNT II
## DISCRIMINATION BASED UPON SEXUAL ORIENTATION IN VIOLATION OF THE FCRA

53. Defendant re-asserts its responses to Paragraphs 1 through 46.

54. No response required.

55. No response required.

56. Without knowledge, therefore denied.

57. Denied.

58. Denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to relief.

### COUNT III – RETALIATION IN VIOLATION OF TITLE VII

59. Defendant re-asserts its responses to Paragraphs 1 through 46.

60. Without knowledge, therefore denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to relief.

### COUNT IV – RETALIATION IN VIOLATION OF THE FCRA

66. Defendant re-asserts its responses to Paragraphs 1 through 46.

67. Without knowledge, therefore denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

WHEREFORE, Defendant denies that Plaintiff is entitled to relief.

## DEMAND FOR JURY TRIAL

No response required.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims for alleged sex and/or sexual orientation based disparate treatment under Title VII and the Florida Civil Rights Act fail because Defendant would have taken the same action and made the same decisions with respect to Plaintiff regardless of Plaintiff's sex or sexual orientation.

2. Any actions taken regarding Plaintiff's employment were predicated upon grounds other than, and would have been taken absent, any alleged protected status of the Plaintiff.

3. All actions taken by Defendant were taken in good faith compliance with all applicable laws, rules, and regulations.

4. Without admitting any liability, any loss or damages suffered by Plaintiff was proximately caused by or can be attributed to Plaintiff's failure to mitigate her damages, and therefore Plaintiff's claims must be reduced, diminished, or defeated by such amounts as should have been mitigated; further, in the alternative, to the extent Plaintiff has mitigated his damages, Defendant is entitled to a credit or set-off.

5. The acts complained of were within the scope of the Defendant's discretionary authority and Defendant's conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

6. The Defendant did not display a deliberate indifference or intentionally commit acts in violation of law.

7. Without admitting any liability, Defendant exercised reasonable care to prevent and promptly correct any alleged harassing behavior because of sexual orientation in the workplace and Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities Defendant provided to avoid or correct the alleged harm.

8. Plaintiff failed to exhaust his administrative remedies.

9. Plaintiff did not suffer an adverse employment action.

10. Defendant reserves the right to add any additional affirmative defenses if discovered in the course of discovery.

| | |
|---|---|
| June 6, 2022 | /s/ Marc A. Sugerman<br>Marc A. Sugerman, Esq.<br>Florida Bar No. 0081876<br>ALLEN NORTON & BLUE, P.A.<br>1477 W. Fairbanks Ave., Ste. 100<br>Winter Park, Florida 32789<br>(407) 571-2152<br>(407) 571-1496<br>msugerman@anblaw.com<br>ntordesillas@anblaw.com<br><br>Sarah H. McDonald, Esq.<br>Florida Bar No. 519022<br>City of Orlando<br>400 South Orange Avenue<br>Orlando, Florida 32801<br>(407) 246-3470<br>(407) 246-2854 (fax)<br>sarah.mcdonald@cityoforlando.net<br>penny.robinson@cityoforlando.net |

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on June 6, 2022, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to:

Bradley A. Tobin, Esquire
Tobin Law Group, PL
13043 W. Linebaugh Ave.
Tampa, Florida 33626
Phone: (813) 452-6199
Fax: (813) 830-7200
btobin@tobinlawgroup.com

           */s/ Marc A. Sugerman*
           Attorney